**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LIUBIN HAO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    No. 1:26-cv-00453-TWP-MKK |
| | ) |
| DEPARTMENT OF HOMELAND SECURITY & | ) |
| IMMIGRATION CUSTOMS AND | ) |
| ENFORCEMENT, | ) |
| KRISTI NOEM, | ) |
| SAMUEL OLSEN, | ) |
| RICHARD KELLEY | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DENYING**
**MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT**

Liubin Hao, currently detained in the Clinton County, Indiana, Jail, seeks a writ of habeas corpus requiring that he be immediately released from U.S. Immigration and Customs Enforcement ("ICE") detention or, in the alternative, granted a bond hearing within 5 days of the Court's decision. Dkt. 10 at 13. Mr. Hao has also filed a motion for temporary restraining order, requesting the same relief. Dkt. 4. Because the undisputed facts demonstrate that Mr. Hao is statutorily eligible for a bond hearing, the Court **grants** his petition to the extent that, by **March 27, 2026**, Respondents must afford him a bond hearing or release him from detention under reasonable conditions of supervision. Thus, Mr. Hao's motion for temporary restraining order, (Dkt. 4), is **denied** to the extent it seeks relief not otherwise covered by this order.

## I.    Background

Mr. Hao is a citizen of China who entered the United States without being admitted or paroled on December 18, 2023. Dkt. 14-1 at 2. He was released from detention and issued a Notice

1

to Appear on December 19, 2023, which initiated removal proceedings against him. *Id.* at 4. On January 27, 2026, Mr. Hao was arrested pursuant to a warrant (Form I-200) after reporting to an ICE facility in Chicago, Illinois. *Id*. at 2.

The Notice to Appear charges Mr. Hao with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.* at 4. The "arriving alien" checkbox is unmarked. *Id.* Mr. Hao received hearings before an Immigration Judge on February 9, and March 9, 2026, where the Immigration Judges denied bond because *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), strips them of jurisdiction to grant it. Dkt. 14-1 at 7-10.

## II. Discussion

Mr. Hao argues that his current detention violates the INA (Count I) and the Due Process Clause of the Fifth Amendment (Count II). Dkt. 10 at 11-13. Respondents argue that Mr. Hao is lawfully detained under 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 14.

The Court finds that Mr. Hao's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Hao is entitled to habeas corpus relief on these grounds, the Court does not address his other arguments.

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v.*

*Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States .... [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall

3

order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2)(A) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B. Mr. Hao Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than to undocumented aliens like Mr. Hao who have lived in the interior of the United States for more than two years. *See Mohammed v. Olson*, 2025 WL 3541819 at *3-5 (S.D. Ind. Dec. 10, 2025); *Delgado Avila v. Crowley*, No. 2:25-cv-00533-MPB-MJD, 2025 WL 3171175, *2 (S.D. Ind. Nov. 13, 2025); *Bacilio Vicente v. Warden*, No. 2:26-cv-00067-MPB-MG, dkt. 11; *Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, *3-5 (S.D. Ind. Oct. 30, 2025). As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning

4

of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 14 at 10; *Buenrostro-Mendez v. Bondi*, 2026 WL 323330, at *5 (5th Cir. Feb, 6, 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms do refer to different criteria, the Fifth Circuit found that petitioners such as Mr. Hao can be said to be "seeking admission" even though they have resided within the country and are not affirmatively seeking to enter the United States. *Id.*

The Fifth Circuit's decision is neither binding nor persuasive on this Court. This Court continues to defer to the Seventh Circuit's recent interpretation of the statute, which finds that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).[2] Indeed, in dissent, Fifth Circuit

---

[1] The Court incorporates by reference its more fulsome statutory interpretation from *Mohammed* of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply.

[2] The Court cites *Castañon-Nava* as persuasive precedent. *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' — F.4th —, 2025 WL

Court of Appeals Judge Douglas emphasized that the government's interpretation of "seeking admission" creates an inexplicable redundancy within the same sentence, contravening "a cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute." *Id.* at *12 (quoting *Williams v. Taylor*, 529 U.S. 362, 404 (2000)). Moreover, Mr. Hao is not plausibly "seeking admission" to enter the United States. Contrary to the Fifth Circuit's interpretation, when paired with the statutory definition of "admission," seek*ing* implies actively asking for admission at the threshold of entry. Per the INA, "[t]he terms "admission" and "admitted" mean, with respect to an alien, the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." 8 U.S.C. § 1101(13)(A) (emphasis added). "Thus, an alien who is 'seeking admission' is one who is seeking 'lawful *entry* . . . into the United States after inspection and authorization by an immigration officer.'" *Mejia Diaz v. Noem*, 2025 WL 3640419, at *5 (N.D. Ind. Dec. 16, 2025) (emphasis added).

Second, even if the Respondents' legal reasoning was more persuasive, it could not be reconciled with the government's treatment of Mr. Hao. *See* dkt. 14 at 2-3. As seen above, Mr. Hao was arrested inside the United States—more than two years after entering the country—pursuant to an administrative warrant that explicitly authorized his detention under § 1226. These facts distinguish his petition from the petitioners in *Buenrostro-Mendez*, where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant. *See Buenrostro-Mendez*, 2026 WL 323330, at *3 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present

---

3552514, at *8. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

in the United States without having been admitted or paroled . . .  DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings.").

By detaining Mr. Hao and depriving him of any consideration of bond, the government has kept him in custody in violation of the INA. As a result, he is entitled to a writ of habeas corpus.

### III.    Scope of Relief

Mr. Hao asks the Court to order his immediate release or a bond hearing where the government bears the burden of proof. Dkt. 10 at 13. The Court finds that the remedy warranted by the Respondents' violation of the law is to grant Mr. Hao a bond hearing under § 1226(a) and its accompanying regulations.

Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Hao's immediate release at this time. Any relief afforded through habeas corpus must be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Hao maintains—and the Court agrees—that his detention without consideration of bond is contrary to law because his detention is authorized by § 1226(a). Detention under § 1226(a) makes Mr. Hao eligible for discretionary release but also allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Thus, Mr. Hao's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful only to the extent the government refuses to consider whether he may be released as the law requires.

## IV.    Conclusion

The Court **grants** the petition to the extent that no later than **March 27, 2026**, Respondents must either: (1) provide Mr. Hao with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Hao from custody, under reasonable conditions of supervision. No later than **March 30, 2026**, Respondents must file documentation certifying that they have provided Mr. Hao with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Mr. Hao, then they must file documentation certifying his release.

Mr. Hao's motion for temporary restraining order, dkt. [4], is **denied** to the extent it seeks relief not otherwise covered by this order.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/20/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel